## Commonwealth v. Tavella et al.

*Guy K. Bard*, for petition; *S. V. Hosterman*, District Attorney, contra.

GROFF, J., Jan. 18, 1930.—This is a case in which a petition was presented for the condemnation of one Oakland sport model roadster, Pennsylvania

license No. 116-432. The petition is not before us, but we assume that it was presented as above stated for the reason that the General Motors Acceptance Corporation filed an answer on May 11, 1929.

It seems that Victoria Tavella and James Cassido were arrested on Feb. 4, 1929, for unlawfully transporting and possessing alcoholic beverages in excess of one-half of 1 per cent. in an Oakland sport model roadster bearing Pennsylvania license No. 116-432. . They were indicted for that offense in the Court of Quarter Sessions of Lancaster County, in Indictment No. 27, April Term, 1929, and on April 16, 1929, Victoria Tavella pleaded guilty to the offense. On April 17, 1929, the defendant, James Cassido, pleaded not guilty. The disposition of the latter case does not appear from the papers we have before us. The car, however, that Victoria Tavella was transporting the liquor in is the car in question.

The act of assembly which covers this case is the Act of March 27, 1923, P. L. 34, section 11, the 2nd paragraph of *(A)*, which reads as follows:

"Upon the transportation of intoxicating liquor in violation of this act, the . . . motor vehicle . . . in which it is so transported shall be forfeited to the Commonwealth, subject to the provisions herein set forth:

"*(B)* If upon hearing before the Court of Quarter Sessions, or a judge thereof, it appears that any such . . . property, so in the custody of the law or of any officer, was so possessed or intended for use in violating any of the provisions of this act, or has been so used, such . . . . property shall be adjudged forfeited and condemned, and shall be disposed of as hereinafter provided; or if upon such hearing it appears that any . . . conveyance . . . seized under the provisions of this act had been used for the unlawful transportation of intoxicating liquor, such . . . conveyance . . . shall be adjudged forfeited and condemned, and shall be disposed of as hereinafter provided, unless the court shall otherwise order.

"(III) In the case of any . . . . conveyance . . . . seized under the provisions of this act and condemned as aforesaid, the court shall order a public sale thereof by the sheriff of the county—notice of which sale shall be given in the same manner as notice is required to be given of the sale of personal property under a writ of *fieri facias*—the proceeds of such sale to be paid to the county treasurer for the use of the county. In the event that any such . . . conveyance . . . is, when so seized, held and possessed under a bailment lease or contract, and the legal title thereto is in another person, who shall prove that the unlawful use for which the same was seized was without his knowledge or consent, then the claim of the bailor for money due under said bailment lease or contract shall attach to and be paid out of the funds derived from said sale after payment of costs, and the balance distributed as above provided. . . . .

"*(D)* (IV) Upon the filing of any claim for said property setting forth a right of possession thereof, the case shall be deemed at issue and a time be fixed for the hearing thereof.

"(V) At the time of said hearing, if the Commonwealth shall produce evidence that the property in question was unlawfully possessed or used, the burden shall be upon the claimant to show: *(a)* that he is the owner of said property; *(b)* that he lawfully acquired the same; *(c)* that it was lawfully used and possessed by him; and *(d)* in the event that it shall appear that the property was unlawfully used by a person other than the claimant, then such claimant shall show that such unlawful use was without his knowledge or consent.

"(VI) Any person claiming the ownership of, or right of possession to, any . . . conveyance . . . the disposition of which is provided for in this section.

may, at any time prior to the sale thereof, present his petition to the court, alleging his lawful ownership thereof or right of possession thereto, and if upon public hearing thereon, due notice of which having been given to the district attorney, such claimant shall prove by competent evidence to the satisfaction of the court that said . . . conveyance . . . was lawfully acquired, possessed and used by him, or, if it appearing that the property was unlawfully used by a person other than the claimant, he shall prove that such unlawful use was without his knowledge or consent, then the court *may* order the same returned to said claimant, otherwise it shall be destroyed or sold as hereinabove provided."

We notice that paragraph (III), under *(B)*, section 11, of the said act provides that when the vehicle or conveyance is bailed, the claim of the bailor for money due under said bailment shall attach.

The claimant in this case, instead of offering his proofs, substitutes a stipulation of facts agreed upon by the district attorney and Guy K. Bard, attorney for the claimant. This stipulation of facts does not contain an agreement respecting all the matters which must be proven under the Act of 1923. So far as we can see, there is no stipulation or agreement as to the amount of money due on the bailment lease.

The bailor is only entitled to the balance due him, if any: Com. *v.* Studebaker Touring Car, 4 D. & C. 276; Com. *v.* One Chevrolet Coupé, 4 D. & C. 745. As we understand the law in these cases, the bailor is not entitled to more than the amount of rentals that have not been paid. Under the stipulation of facts, he is entitled to the entire sum of money now remaining in the hands of the sheriff or county treasurer to whom it should have been paid.

"The effect of the Act of March 27, 1923, P. L. 34, is to create, as soon as the Commonwealth has shown the unlawful use of a car, a presumption that such use was with the knowledge and consent of the owner, and to place upon him the burden of rebutting this presumption by making proof (in addition to showing ownership and lawful acquisition, use and possession by him) that the unlawful use was 'without his knowledge and consent:'" Com. *v.* One Ford Automobile, 6 D. & C. 453.

A purchased a car in her own name. The car was licensed in the name of B, who drove the car. B transported liquor in the car and it was confiscated. A sought to recover the car by alleging her ownership, that she never knowingly allowed or permitted it to be used for transporting liquor, and actually did not know that it was so used. It was held that, having given B unrestricted control of the car, with authority to use it for any purpose, she could not say that the car was used without her consent, and her petition for restitution was denied: Com. *v.* One Ford Automobile, *supra.*

Of course, we realize that the manifest purpose of the Legislature was to protect and save the rights of innocent owners having claim to vehicles used for the unlawful transportation of intoxicating liquor, and that is the purpose of this court.

The stipulation of facts filed in this case, however, does not convince us that they are sufficient to justify us in making an order for the return of the money now remaining in the hands of the sheriff or of the county treasurer to the claimant. We, however, do not want to deprive claimant of any rights, and we will afford him an opportunity to be heard in court by his witnesses at such time as he and the district attorney shall agree upon.

From George Ross Eshleman, Lancaster, Pa.